G. H. KRUCKENBERG, Respondent, v. STANTON FARMERS CO-OPERATIVE ELEVATOR COMPANY, a Corporation, Appellant.

(230 N. W. 17.)

372

Opinion filed March 31, 1930.

*Thorstein Hyland,* for appellant.
*Charles L. Crum,* and *T. H. Thoresen,* for respondent.

BIRDZELL, J.   This is an action brought for the purchase price of grain alleged to have been sold to the defendant by the plaintiff.   The answer was a general denial.   The cause was tried before a jury and a judgment was later entered in favor of the plaintiff upon a verdict rendered.   On this appeal there are only two questions presented for consideration in the appellant's brief:   first, error in the instructions, and, second, the sufficiency of the evidence.   Error is predicated upon a portion of the charge wherein the court told the jury:   "You must decide each and every fact by a preponderance of the evidence."   It is said that this instruction changed the burden of proof so that it rests on the defendant notwithstanding the affirmative allegations in the pleadings are in the complaint and that the burden of proof was upon the plaintiff.   An examination of the charge convinces us that the statement relied upon as error was a mere inadvertence that could not have misled the jury or have been prejudicial to the defendant.   The court read to the jury the affirmative allegations of the complaint and stated that the defendant had entered a general denial, and, with reference to the burden of proof, then stated:   ".  .  .  in this case like in every other case where a plaintiff comes into court the burden of proof is upon the plaintiff to prove the material allegations of his complaint to the satisfaction of the jury by a fair preponderance of the evidence before he can recover.   And in this case, before the plaintiff can recover at your hands he must prove to your satisfaction by a fair preponder-

ance of the evidence that he was the owner of the said 200 bushels and 30 lbs. of wheat on said 23d day of January, 1928, and he must further prove that on said date he sold the same to the elevator mentioned as defendant herein and that the defendant has failed and refused to pay for the same. He must further prove to you that said grain was sold to the defendant elevator company for the sum of $1.08 per bushel. Having established these facts to your satisfaction then the plaintiff has made out a prima facie case and would be entitled to recover in this action, unless the same is overcome by the defendant's answer and proof submitted." Further, in defining the burden of proof, the court said in part: "It means that the testimony on the part of the party upon whom the burden rests must have greater weight in your estimation, have more convincing effect than that opposed to it." Under the charge as a whole, we are of the opinion that there was no room for the jury to derive an impression that the burden of proving every allegation essential to recovery was not upon the plaintiff.

The contention with reference to the sufficiency of the evidence is that the evidence shows the plaintiff raised the grain in question in 1927 upon premises which he had leased for one year from one Russell under a written lease entered into in 1925 and which had been renewed by holding over, it appearing that under the terms of this written lease title to the grain was reserved in the landlord. (The evidence shows that the landlord was paid for the grain in question.) These facts are not established by undisputed evidence. There is evidence from which the jury could have found that the grain in question was raised upon land which the plaintiff occupied under an oral lease, containing no such reservation as that incorporated in the written lease of 1925. The plaintiff's testimony on this subject is, in substance, that in 1925 he farmed this land under the written lease from Russell and operated under the same arrangement in 1926; that in 1927 there was no new lease but that he farmed more for Russell than was embraced in the lease. Later, in answer to a direct question as to whether he was operating the land in 1927 and if he planted wheat on the land that he had leased in 1925 under the same lease, he answered in the negative and stated that his lease in 1927 was oral and included different lands than the 1925 lease; that it had nothing at all to do with the 1925 lease. While this testimony is not entirely consistent, we think the

jury would be warranted in concluding that title to the wheat which the plaintiff, under his evidence, raised and sold to the defendant in 1927 was in the plaintiff. There was further evidence of a sale of it to the defendant for $1.08 per bushel and of nonpayment.

Finding no error in the record prejudicial to the defendant, the judgment and order appealed from are affirmed.

BURKE, Ch. J., and BURR, NUESSLE, and CHRISTIANSON, JJ., concur.